UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER CLEO MARTIN,

    Plaintiff,

v.

RUSS WAYNE, CHERYL SIMPSON,
and SHANNON STONE,

    Defendants.
_____/

Case No. 1:16-cv-1314

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by Roger Cleo Martin, a former inmate at the Osceola County Jail, pursuant to 42 U.S.C. § 1983. This matter is now before the Court on defendant Nurse Shannon Stone's Motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (ECF No. 63) and defendant Dr. Cheryl Simpson's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 64).

    **I.**    **Background**

Plaintiff filed a complaint on November 9, 2016 naming three defendants: Russ Wayne (Osceola County Jail Administrator); Jail Doctor (Unknown); and Nurse Practitioner (Unknown). Compl. (ECF No. 1). Plaintiff filed multiple motions to amend the complaint. In a motion dated July 12, 2017 (docketed July 24, 2017) (ECF No. 37), plaintiff sought to amend the complaint to include the names of the unknown defendants, i.e., Dr. Simpson and Nurse Stone. This motion included a proposed amended complaint dated July 5, 2012 (ECF No. 37-1). On October 10, 2017, the Court granted plaintiff's motion to amend the complaint to add the names of the unknown jail doctor and jail nurse practitioner. Order (ECF No. 43). The amended

1

complaint was filed that day naming three defendants: Russell Wayne (Osceola County Jail Administrator); Cheryl Simpson (Osceola County Jail Doctor); and, Shannon Stone (Osceola County Jail Nurse). Amend. Compl. (ECF No. 44, PageID.241-242). On December 18, 2017, both defendant Stone and defendant Simpson filed answers to the amended complaint (ECF Nos. 51 and 54).

Defendants Nurse Stone and Dr. Simpson filed the present dispositive motions prior to the close of discovery. Nurse Stone sought judgment on the pleadings because plaintiff's claims were barred under the three-year statute of limitations, stating in part as follows:

> 5. Plaintiff's amended complaint adding Nurse Stone and Dr. Simpson as defendants was filed on October 10, 2017.
>
> 6. As to this defendant, Nurse Stone, plaintiff in the amended complaint alleges that on the "first night" at Osceola County Jail, on November 15, 2013, Nurse Stone "took away Xanax and Ibuprofen completely and cut Dilantin [anti-seizure medication] dose in half," and "refused court order to provide plaintiff with extra mat to sleep on" (*Id.*, p 3) [Amend. Compl., p. 3.]
>
> 7. Plaintiff's claims against Nurse Stone are barred by the three-year limitations period for his claims brought under § 1983.

Stone Motion (ECF No. 63, PageID.307).

Dr. Simpson moved to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), also contending that plaintiff's complaint was barred by the three-year statute of limitations:

> 2. On October 10, 2017, Plaintiff was granted relief to file an Amended Complaint which named as Defendants Dr. Cheryl Simpson and Shannon Stone, RN in place of Unknown Party #1 and Unknown Party #2.
>
> 3. Plaintiff's Amended Complaint contains allegations arising out of Plaintiff's imprisonment in the Osceola County Jail from November 15, 2013 through September 4, 2014.
>
> 4. Actions brought pursuant to 42 U.S.C. § 1983 in Michigan are subject to a three year statute of limitations.

2

> 5. Therefore, according to Plaintiff's Amended Complaint, the statute of limitations expired as to any claims arising out of his imprisonment between November 15, 2016 and September 4, 2017 (depending on the date of the alleged wrong).
>
> 6. Although Plaintiff's original Complaint was filed on November 9, 2016, he did not file any claims against the moving Defendant Cheryl Simpson until October 10, 2017.
>
> 7. The Amended Complaint does not relate back to the filing of the original Complaint pursuant to Fed. R. Civ. P. 15(c)(1)(C).
>
> 8. Accordingly, Plaintiff's claims against this Defendant are barred by the applicable statute of limitations, and therefore fails to state a claim for which relief may be granted.

Dr. Simpson Motion (ECF No. 64, PageID.395). In her reply brief, Dr. Simpson stated that she intended to bring the motion as one for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Dr. Simpson Reply (ECF No. 77, PageID.452-453).

## II.      Discussion

Both defendants seek a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the theory that plaintiff's claims alleged in the amended complaint are barred by the statute of limitations. Fed. R. Civ. P. 12(c) provides that "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."

> As numerous judicial opinions make clear, a Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice. The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.

Wright & Miller, *Federal Practice and Procedure*, Vol. 5C, § 1367 (3rd ed.).

In considering a motion brought pursuant to Fed. R. Civ. P. 12(c), "the court must accept all the factual allegations of the complaint as true." *Paskvan v. City of Cleveland Civil Service Commission*, 946 F.2d 1233, 1235 (6th Cir. 1991). "The court's inquiry is limited to whether the challenged pleadings set forth sufficient allegations to make out the elements of a right to relief," *Smith v. Michigan*, 256 F. Supp. 2d 704, 705 (E.D. Mich. 2003), and "[t]he motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan*, 946 F.2d at 1235. For purposes of resolving plaintiff's motion for judgment on the pleadings, "all well-pleaded material allegations of the non-moving party's pleadings are taken as true, and all allegations of the moving party which have been denied are taken as false." *Pension Benefit Guaranty Corporation v. Bank One, N.A.*, 34 F. Supp. 2d 608, 609 (S.D. Ohio 1998).

"The Sixth Circuit has long held that 'judgment on the pleadings under Fed.R.Civ.P. 12(c) is uniquely suited to disposing of a case in which a statute of limitations provides an effective bar against a plaintiff's claim.' *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (1990))." *Filer v. Polston*, 886 F. Supp. 2d 790, 794 (S.D. Ohio 2012). Such is the case here.

Plaintiff set forth the following allegations in his amended complaint. He entered the jail on November 15, 2013. Amend. Compl. at PageID.243. On the "first night" at the jail, Nurse Stone took away two of his medications (Xanax and Ibuprofen) and cut his dosage of Dilantin in half. *Id.* On November 19, 2013, plaintiff suffered a grand mal seizure and was taken to the hospital, where the staff restored his Dilantin prescription. *Id.* Nurse Stone refused to fill the hospital prescriptions and withheld that medication (Dilantin) under Dr. Simpson's orders. *Id.*

Plaintiff remained in the jail until September 4, 2014. *Id*. at PageID.244. During plaintiff's incarceration, he suffered from pinched nerves and numbing in the right leg and foot which required large doses of ibuprofen, that he developed severe abnormal heart rhythms, and that he suffered a stroke on or about September 4, 2014, at which time he was discharged from the jail and taken to the hospital for treatment. *Id*.

Based on the amended complaint, plaintiff suffered from medical problems at the jail from November 15, 2013 (when he was allegedly denied Xanax, Ibuprofen and ½ of his Dilantin prescription) through his release date of September 4, 2014. Plaintiff attributes some of his medical problems experienced during that time as caused by the deliberate indifference of Dr. Simpson and Nurse Stone. The statute of limitations for a § 1983 claim in Michigan is three years, based upon Michigan's three-year statute of limitations for injury to a person or property, M.C.L. § 600.5805(10). *Chippewa Trading Company v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004). The issue before the Court is whether plaintiff's claims alleged against these two defendants are barred by that statute of limitations. To resolve this issue, the Court needs to review the procedural background of this case.

As an initial matter, neither Dr. Simpson nor Nurse Stone were named in the original complaint. Rather, the original complaint referred to an unknown doctor and nurse at the Osceola County Jail. Plaintiff's amended complaint identified these "unknown" defendants (sometimes referred to as "John Doe" or "Jane Doe" defendants) as Dr. Simpson and Nurse Stone. Under these circumstances, plaintiff's claims against Dr. Simpson and Nurse Stone do not relate back to the date of the original complaint.

> Replacing a "John Doe" defendant with a new, previously unknown party is considered a change of parties and must comply with the requirements of Rule 15(c)(1)(C) when the change is made after the expiration of the applicable statute of limitations. *Smith v. City of Akron*, 476 Fed.Appx. 67, 69 (6th Cir. 2012) (citing

5

> *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). The rule allows an amendment that changes parties to the suit to relate back to the filing date of the original complaint if the new defendant: "(i) received such notice of the action [within the time to serve process under Rule 4(m) ] that [he] will not be prejudiced in defending on the merits;" and "(ii) knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c)(1)(C).

*Brown v. Cuyahoga County., Ohio*, 517 Fed. Appx. 431, 433 (6th Cir. 2013). The absence of knowledge regarding the identity of an unknown or "Doe" defendant is not a mistake, as required by Rule 15(c)(1)(C)(ii). *Id*. at 433-34. *See generally, Vineyard v. Knox County*, No. 3:13-CV-00634, 2014 WL 2744785 at *4 (E.D. Tenn. June 17, 2014) ("While a plaintiff may initially file a complaint with a pseudonym for an unknown party, a civil action cannot be commenced against a fictitious party. *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir.1968). As this Court has previously noted, such allegations against unknown parties are mere surplusage."). Accordingly, plaintiff's amended complaint does not relate back to November 9, 2016, the date he filed the original complaint.

The next question is whether plaintiff's claims alleged in the amended complaint against Dr. Simpson and Nurse Stone are barred by the three-year statute of limitations. As discussed, plaintiff filed the original complaint on November 9, 2016. While plaintiff signed the proposed amended complaint on July 5, 2017 (ECF No. 37-1), he did not sign the accompanying motion to amend (ECF No. 37) until July 12, 2017. Plaintiff mailed the motion and proposed amended complaint while incarcerated in Jackson, Michigan, with the envelope being postmarked July 20, 2017. *See* Envelope (ECF No. 37, PageID.218). While the motion to amend was docketed on July 24, 2017 (ECF No. 37), this Court considers the motion filed when plaintiff signed it on July 12, 2017. Under the relaxed filing standard of the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court."

*Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). "Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Id*. The prison mailbox rule applies to motions. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (motion for extension of time "is deemed filed when the inmate gives the document to prison officials for mailing"). Accordingly, the Court considers plaintiff's motion to amend "filed" on the date plaintiff signed it and handed it over to prisoner authorities, in this case July 12, 2017.

Finally, the Court granted the motion on October 10, 2017, at which time the Clerk's Office filed the amended complaint. *See* Amend. Compl. (ECF No. 44). Under these circumstances, the Court considers the amended complaint as filed on July 12, 2017, the date plaintiff filed the motion to amend.

> Federal courts have uniformly held that a claim set forth in an amended pleading is timely under the applicable statute of limitations, if the motion for leave to amend was filed before the statute of limitations had run. *See e. g., Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir.1993); *Mayes v. AT&T Info. Sys., Inc.*, 867 F.2d 1172 (8th Cir. 1989); *Estate of Bing v. City of Whitehall, Ohio*, 373 F. Supp.2d 770, 787-88 (S.D. Ohio 2005); *United States v. City of Toledo*, 867 F. Supp. 603, 610 (N.D. Ohio 1994). Those decisions all involved instances in which a court concluded that a claim was not barred by the applicable statute of limitations, even though the amended pleading setting forth that claim had been filed after the limitations period had run, because the request for leave to amend had been filed, in the same lawsuit, before the running of the statute of limitations.

*United States v. Katz*, 494 F. Supp. 2d 641, 644 (S.D. Ohio 2006) (emphasis omitted).

Based on this record, the claims set forth in plaintiff's amended complaint are timely to the extent they were less than three years old when plaintiff filed his motion to amend the complaint on July 12, 2017. As the Seventh Circuit has explained in *Moore*:

> As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though

7

>technically the amended complaint will not be filed until the court rules on the motion.

*Moore*, 999 F.2d at 1131.  *See, e.g., Horacek v. Seaman*, No. 08-10866, 2009 WL 2928546 at *15 (E.D. Mich. Sept. 10, 2009) (applying rules expressed in *Moore*).

Here, because plaintiff filed the motion to amend the complaint on July 12, 2017, all of his claims alleged in the amended complaint against defendants Dr. Sampson and Nurse Stone which accrued prior to July 12, 2014, should be dismissed as untimely.  In his response, plaintiff contends that his claims are timely because he suffered continuing wrongs commencing on November 15, 2013.  *See* Response (ECF No. 71).  Pursuant to the "continuing violation doctrine," the statute of limitations does not begin to run so long as the wrong which forms the basis of a particular claim is ongoing.  *See Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009).  A "continuing violation" exists where: (1) the defendant engages in continuing wrongful conduct; (2) injury to the plaintiff accrues continuously; and (3) had the defendant at any time ceased his wrongful conduct, further injury would have been avoided. *Id*.  Courts recognize two categories of continuing violations: (1) "those alleging serial violations" and (2) "those identified with a longstanding and demonstrable policy of discrimination." *Sharpe v. Cureton*, 319 F.3d 259, 266-67 (6th Cir. 2003) (citations omitted).

The continuing violation doctrine "rarely extends" to § 1983 cases. *Id*. at 267.  When the doctrine has been extended to § 1983 actions, it applies only when the plaintiff's claim "is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Bruce v. Correctional Medical Services, Inc.*, 389 Fed. Appx. 462, 466 (6th Cir. 2010) (internal quotation marks omitted). In making this determination, "[p]assive inaction does not support a continuing violation theory." *Id*.

Here, there is no basis to apply the continuing violation doctrine to plaintiff's claim that Dr. Simpson and Nurse Stone denied or limited his medication on November 15, 2013. While plaintiff attributed his November 19, 2013 seizure to a reduction in his Dilantin prescription, he has not alleged that he suffered other seizures which could be construed as continual ill effects from defendants' actions on November 15, 2013. However, plaintiff has alleged that he received inadequate medical treatment prior to suffering a stroke on September 4, 2014 which could have occurred on or after July 12, 2014 (e.g., "[p]laintiff repeatedly asked for pain medication and extra mat to sleep on," plaintiff had pinched nerves and numbing in right leg and foot requiring large doses of Ibuprofen to move, plaintiff developed severe abnormal heart rhythms, and plaintiff suffered from stress and sleep deprivation). Amend. Compl. at PageID.243-244.

For these reasons, the Court concludes that plaintiff's claims alleged in the amended complaint against defendants Dr. Simpson and Nurse Stone which occurred between November 15, 2013 and July 11, 2014 should be dismissed as untimely. However, it appears that plaintiff has alleged a timely claim that Dr. Simpson and Nurse Stone between July 12, 2014 and his discharge from the jail on or about September 4, 2014.[1]

### III.     Recommendation

Accordingly, I respectfully recommend that Nurse Stone's Motion for judgment on the pleadings (ECF No. 63) and Dr. Simpson's motion to dismiss/motion for judgment on the pleadings (ECF No. 64) be **GRANTED** as to plaintiff's claims against these two defendants which arose from incidents that occurred between November 15, 2013 and July 11, 2014, and **DENIED**

---

[1] The Court notes that all three defendants have filed motions for summary judgment. *See* Motions (ECF Nos. 83, 86, and 92). If this report and recommendation is adopted, then those motions will be limited to plaintiff's claims against Dr. Simpson and Nurse Stone which arose between July 12, 2014 and his discharge from the jail in September 2014.

as to plaintiff's claims against these two defendants which arose from incidents that occurred between July 12, 2014 and his discharge from the jail on or about September 4, 2014.

Dated:  February 26, 2019                     /s/ Ray Kent
                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).